131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ping Chiang LEI; Li Chuan Construction Inc.; Lichuan Guam
Corporation, Plaintiffs-Appellees,
v.
GLOBAL ENGINEERING AND MAINTENANCE SERVICES CORPORATION;
Ilmi K. Carroll, Defendants-Appellants.
 No. 96-17172.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted November 7, 1997
Decided November 24, 1997.
 
 Appeal from the District Court of Guam Appellate Division, No. CV 96-00007A; Unpingco, Goodwin, and Munson, Judges, Presiding.
 Before: REINHARDT, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Global Engineering and Maintenance Services Corporation (Global) and Ilmi Carroll appeal from the judgment of the District Court of Guam's Appellate Division affirming the Superior Court of Guam's bench trial judgment in favor of Ping Chian Lei, Lichuan Construction, Inc., and Lichuan Guam Corporation (collectively referred to as "Lichuan") in their action alleging that Global breached a joint venture agreement regarding the purchase of real property. On appeal Global asserts that the trial court improperly adopted Lichuan's proposed findings of fact and that the findings were clearly erroneous. Global also asserts that the trial court erred when it ordered reformation of the deed to the property. We have jurisdiction under 48 U.S.C. § 1424-3(c), and we affirm. Because the parties are well familiar with the factual and procedural history of this action, we need not recount it here.
 
 I.
 
 3
 Global argues that the trial court erred when it adopted its findings of fact because: (a) the trial court adopted Lichuan's proposed findings of fact nearly verbatim; (b) Global was not given an opportunity to propose counter findings and conclusions; (c) two and one half years had elapsed since the end of trial without a ruling; (d) the court referred to material outside the record in its findings without giving Global an opportunity to respond; and (e) the court failed to take Francis Chiu's bias into account. The adoption of one party's findings, even verbatim, is not automatically objectionable, so long as those findings are supported by the record. Kern Oil & Refining Co. v. Tenneco Oil Co., 840 F.2d 730, 734 (9th Cir.1988). While it would have been preferable for the trial court to have issued a written order setting forth deadlines and to have provided Global an opportunity to respond to the proposed findings, Global did have seventeen days notice of the proposed findings before they were adopted by the trial court. Global presented no evidence that the trial court failed to review the record before issuing its findings two and one half years after trial. While counsel for Lichuan erroneously relied on materials outside the record in support of the proposed findings, there is adequate evidence in the record to support the trial court's findings that are necessary to the trial court's conclusions that Global committed fraud and breached the contract. Thus, any procedural errors that may have occurred were harmless.
 
 
 4
 Global's argument that the trial court erred on relying on Chiu's testimony because he held an interest in Lichuan Guam lacks factual support. While Chiu briefly held 10,000 shares of Lichuan Guam, he disposed of those shares in November 1988, long before he gave his deposition testimony in February 1991. Moreover, witness bias goes to the weight of the testimony and does not preclude a court from crediting it.
 
 II.
 
 5
 The trial court did not err when it ordered reformation of the deed to remove Global's name. Contrary to Global's assertions, there was no settlement agreement, Lei did not have unclean hands, and laches did not bar Lichuan's action. Global's arguments ignore the obvious, that fairness and equity dictate that Global's name be removed from the deed because Global never made any payments towards purchase of the Harmon property, breached its agreement with Lei, and defrauded Lei.
 
 III.
 
 6
 The grounds for Global's motion for a new trial or, alternatively, to amend the findings and judgment are the same as raised on appeal of the judgment. The trial court did not abuse its discretion in denying the motion to amend the judgment or for a new trial. Finally, Global's argument that the trial court's ruling should be vacated because it was filed after the thirty day limit set forth in 7 G.C.A. § 21302 is without merit.
 
 
 7
 The judgment of the District Court of Guam's Appellate Division is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3